IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BRIAN D. LAWSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:24-cv-00285 |
| | ) | |
| SALT DENTAL COLLECTIVE, LLC, | ) | JURY DEMAND |
| | ) | |
| Defendant. | ) | |

## ANSWER

Defendant SALT Dental Collective, LLC ("SALT") responds to the Complaint filed by Plaintiff Brian Lawson ("Plaintiff") as follows:

### FIRST DEFENSE

The Complaint fails, in whole or in part, to state a plausible claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's breach of contract claims should be dismissed for lack of a valid, enforceable contract to the extent that the parties did not have a meeting of the minds on the contract's material and essential terms.

### THIRD DEFENSE

Plaintiff's breach of contract claims should be dismissed because under SALT's reasonable interpretation of the contractual provisions at issue, it fully and properly performed its contractual obligations.

## FOURTH DEFENSE

In the alternative, Plaintiff's first breach of contract claim should be dismissed because the parties modified the contractual provisions at issue.

## FIFTH DEFENSE

In the alternative, Plaintiff's first breach of contract claim should be dismissed, because the parties substituted the original contract with a new contract.

## SIXTH DEFENSE

Plaintiff's breach of contract claims are barred, in whole or in part, to the extent applicable by the equitable doctrines of waiver, estoppel, and ratification.

## SEVENTH DEFENSE

Plaintiff's claim for punitive damages must be dismissed because any alleged breach, all of which SALT denies, was neither intentional, knowing, reckless, nor malicious.

## EIGHTH DEFENSE

Any claims for equitable relief must be dismissed because Plaintiff has failed to plead facts to support the availability of such relief.

## NINTH DEFENSE

In response to the individually numbered paragraphs of the Compliant, SALT responds as follows:

1. SALT acknowledges that the Plaintiff seeks damages for breach of contract and unjust enrichment, but denies that Plaintiff is entitled to the relief he seeks.

2. SALT admits the allegations of Paragraph 2.

3. SALT admits that Plaintiff's September 23, 2021 offer letter provides that Plaintiff would receive an incentive bonus of the greater of: (a) $25,000; or (b) 6% of the acquired practice's

estimated earnings before interest, taxes depreciation, and amortization ("EBITDA") for practices that he sourced and diligenced that were acquired by SALT while he was employed as Chief Development Officer, subject to reevaluation and adjustment as additional employees joined the business development team. SALT denies that it agreed to pay Plaintiff any incentive bonus for dental or orthodontal practices he "helped" acquire.

4. SALT admits the allegations of Paragraph 4 with the exception that the business development team members were not Plaintiff's.

5. SALT admits that it paid Plaintiff all incentive bonuses that were due to him for acquisitions in 2022.

6. SALT denies the allegations of Paragraph 6.

7. SALT denies the allegations of Paragraph 7.

8. Upon information and belief, SALT admits allegations of Paragraph 8.

9. SALT admits the allegations of Paragraph 9.

10. SALT admits that this Court has subject-matter jurisdiction over the claims asserted in the Complaint.

11. SALT admits that this Court has personal jurisdiction over it.

12. SALT admits that venue is proper in this Court.

13. SALT admits the allegations of Paragraph 13.

14. SALT admits the allegations of Paragraph 14.

15. SALT admits the allegations of Paragraph 15.

16. SALT admits that the referenced offer letter speaks for itself.

17. Upon information and belief, SALT denies the allegations of Paragraph 17.

18. SALT admits the allegations of Paragraph 18.

19. SALT admits that the referenced offer letter speaks for itself.

20. SALT admits that the referenced offer letter speaks for itself.

21. SALT admits that Plaintiff signed the referenced offer letter on September 23, 2021 and doing so created an at-will employment relationship between it and Plaintiff and further admits that some but not all of the terms of the referenced offer letter created a contract between SALT and Plaintiff. SALT denies the remaining allegations of Paragraph 21.

22. SALT admits the allegations of Paragraph 22.

23. SALT denies the allegations of Paragraph 23 as framed.

24. SALT denies the allegations of Paragraph 24 as framed.

25. SALT denies the allegations of Paragraph 25 as framed.

26. SALT admits the allegations of Paragraph 26.

27. SALT admits that it paid Plaintiff all incentive bonuses that were due to him for acquisitions in 2022.

28. SALT admits that it paid Plaintiff all incentive bonuses that were due to him for acquisitions in 2022.

29. SALT admits that it paid Plaintiff all incentive bonuses that were due to him for acquisitions in 2022

30. SALT admits that it paid Plaintiff all incentive bonuses that were due to him for acquisitions in 2022.

31. SALT admits the allegations of Paragraph 31.

32. SALT admits that it paid Plaintiff all incentive bonuses that were due to him for acquisitions in 2022.

33. SALT admits the allegations of Paragraph 33.

34. SALT admits the allegations in the first sentence of Paragraph 34 and denies the second as framed.

35. SALT admits the allegations of Paragraph 35.

36. SALT admits the allegations of Paragraph 36 with the exception that incentive bonuses would be paid to members of the business development team regardless of who "hired" them.

37. SALT admits that the referenced email speaks for itself.

38. SALT admits that the referenced email speaks for itself.

39. SALT admits that the referenced email speaks for itself.

40. The email conversations referenced in Paragraph 40 contained explanations by and clarifications from Mr. Evanger regarding the incentive bonus pool to be distributed to the business development team and were not "offers" to which Plaintiff could "agree" and thus SALT denies the allegations in the first sentence of Paragraph 40 as framed. SALT admits that Plaintiff emailed Theresa Fox, on January 9, 2022, regarding the bonus payment to paid to the referenced member of the business development team associate. SALT denies the remaining allegations of Paragraph 40.

41. SALT denies the allegations of Paragraph 41 as framed.

42. SALT denies the allegations of Paragraph 42 as framed.

43. SALT denies the allegations of Paragraph 43 as framed.

44. SALT admits the allegations of the first sentence of Paragraph 44 and denies the remaining allegations of Paragraph 44.

45. SALT denies that it owes any bonus to Plaintiff for 2023 and admits that it has not paid Plaintiff any bonus for 2023 because it does not owe him one. SALT denies the remaining allegations of Paragraph 45.

46. SALT admits the allegations of Paragraph 46.

47. SALT denies the allegations of Paragraph 47 as framed.

48. SALT denies the allegations of Paragraph 48 as framed.

49. SALT admits the allegations of Paragraph 49.

50. SALT denies the allegations of Paragraph 50 as framed.

51. SALT admits that the referenced Handbook speaks for itself.

52. SALT admits the allegations in the first sentence of Paragraph 52. SALT admits that it has a dispute with Plaintiff regarding the amount of PTO that was accrued as of his resignation date that has not been resolved and, as result, has not paid any PTO.

53. SALT incorporates its responses to the foregoing paragraphs.

54. SALT denies the allegations of Paragraph 54.

55. SALT denies the allegations of Paragraph 55.

56. SALT denies the allegations of Paragraph 56.

57. SALT denies the allegations of Paragraph 57.

58. SALT denies the allegations of Paragraph 58.

59. SALT denies the allegations of Paragraph 59.

60. SALT denies the allegations of Paragraph 60.

61. Upon information and belief, SALT denies the allegations of Paragraph 61.

62. SALT admits that it paid Plaintiff all incentive bonuses that were due to him for acquisitions in 2022.

63. SALT admits that the referenced offer letter speaks for itself.

64. SALT denies the allegations of Paragraph 64 as framed.

65. SALT denies the allegations of Paragraph 65.

66. SALT denies the allegations of Paragraph 66.

67. SALT denies the allegations of Paragraph 67.

68. SALT denies the allegations of Paragraph 68.

69. SALT incorporates its responses to the foregoing paragraphs.

70. SALT denies the allegations of Paragraph 70.

71. SALT admits the allegations of Paragraph 71.

72. SALT admits the allegations in the first sentence of Paragraph 72 and denies the allegations in the second.

73. SALT denies the allegations of Paragraph 73.

74. SALT denies the allegations of Paragraph 74.

75. SALT incorporates its responses to the foregoing paragraphs.

76. SALT denies the allegations of Paragraph 76.

77. SALT denies the allegations of Paragraph 77.

78. SALT denies the allegations of Paragraph 78.

79. SALT denies the allegations of Paragraph 79.

80. SALT denies that Plaintiff is entitled to any of the relief requested in the Prayer for Relief section (1)-(6) or any other relief sought.

81. Except as expressly admitted hereinabove, SALT denies each and every material allegation of the Complaint and demands strict proof thereof.

WHEREFORE, having answered the allegations of the Complaint and asserted its defenses thereto, SALT requests that the Complaint be dismissed with prejudice, that it be awarded its costs, expenses, and legal fees in the amount and manner permitted by law, and that the Court award such further relief as is just and proper.

*/s/ Mark W. Peters*
Mark W. Peters (TN Bar # 18422)
Holland & Knight LLP
511 Union Street, Suite 2700
Nashville, Tennessee 37219-8966
Phone: 615-244-6380
markwpeters@hklaw.com

*Attorney for Defendant*

# CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing Answer has been served by the Court's electronic filing system on:

William J. Harbison II
Nathan C. Sanders
Elizabeth C. Tirrill
1201 Demonbreun Street, Suite 1000
Nashville, TN 37213
(615) 244-1713
jharbison@nealharwell.com
nsanders@nealharwell.com
etirrill@nealharwell.com

*Attorneys for Plaintiff*

on this 10th day of May 2024.

                                                    */s/ Mark W. Peters*