IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRIAN D. LAWSON, ) | |
|     Plaintiff, ) | Civil Action No. 3:24-cv-00285 |
| ) | Judge Richardson / Frensley |
| v. ) | Jury Demand |
| ) | |
| SALT DENTAL COLLECTIVE, LLC, ) | |
|     Defendant. ) | |

## INITIAL CASE MANAGEMENT ORDER

A.     JURISDICTION: The court has jurisdiction pursuant to 28 U.S.C. § 1332.

B.     BRIEF THEORIES OF THE PARTIES:

**For Plaintiff**: Brian Lawson, the former Chief Development Officer of SALT Dental Collective, LLC ("SALT"), seeks damages against his former employer for breach of contract and unjust enrichment. SALT is a "Specialty Dental Partnership Organization" that manages and operates dental and orthodontal practices around the country. As Chief Development Officer of SALT, one of Mr. Lawson's primary job responsibilities was to help the company acquire additional dental and orthodontal practices to operate under the SALT umbrella.

SALT and Mr. Lawson agreed that, for each dental or orthodontal practice he helped SALT acquire, he would be credited with an incentive bonus that was the greater of: (a) $25,000; or (b) 6% of the acquired practice's estimated earnings before interest, taxes, depreciation, and amortization ("EBITDA"). SALT and Mr. Lawson further agreed that the total incentive bonus owed to Mr. Lawson in a given year was the aggregate amount of incentive bonuses credited towards Mr. Lawson for the year, minus the salary earned by Mr. Lawson and any bonuses due to members of Mr. Lawson's business development team for that year.

In 2022, Mr. Lawson was responsible for SALT's acquisition of seven dental and

orthodontal practices with total estimated EBITDA of $7,002,691. SALT paid the incentive bonus earned by Mr. Lawson in connection with these acquisitions in full. However, for reasons that SALT has never explained, it has refused to pay the incentive bonus Mr. Lawson earned in 2023. Despite spearheading the acquisition of 19 practices for SALT in 2023—with a total estimated EBITDA of $18,561,237—SALT has willfully breached its agreement with Mr. Lawson by failing to pay Mr. Lawson the $870,074 incentive bonus he earned in 2023.

SALT has also breached its agreement with Mr. Lawson and violated Tennessee law by failing to pay Mr. Lawson for his accrued but unused paid time off.

**For Defendant**: Defendant SALT Dental Collective, LLC. ("SALT") denies that Plaintiff is entitled to the relief that he seeks. SALT has not paid Plaintiff an incentive bonus because it does not owe him one.

SALT hired Plaintiff to be its Chief Development Officer in September 2021. The offer letter signed and agreed upon by the Plaintiff provides that Plaintiff would receive an incentive bonus of the greater of: (a) $25,000; or (b) 6% of the acquired practice's estimated earnings before interest, taxes, depreciation, and amortization ("EBITDA") for practices that he sourced and diligence that were acquired by SALT while he was employed as Chief Development Officer, subject to reevaluation and adjustment as additional employees joined the business development team.

Plaintiff tries to rewrite the agreement by claiming that he is entitled to an incentive bonus for practices he "helped" SALT acquire. He is not because SALT never agreed to pay Plaintiff any incentive bonus for acquired practices that Plaintiff did not source and diligence. SALT acquired nineteen practices in 2023, but SALT does not owe Plaintiff any incentive bonus for those practices because Plaintiff was not the sourcing party for those practices.

SALT also denies that it has breached an agreement with Plaintiff or violated Tennessee law for not paying Plaintiff accrued but unused paid time off. SALT and Plaintiff dispute the amount of paid time off Plaintiff had accrued as of his resignation date and, as a result, SALT has not paid Plaintiff any PTO.

SALT has not breached any agreement with the Plaintiff and is not liable for any damages for breach of contract, unjust enrichment, or any other relief. The Plaintiff's claims lack merit and should be dismissed.

C. ISSUES RESOLVED: Jurisdiction and venue.

D. ISSUES STILL IN DISPUTE: Whether Defendant is liable to Plaintiff for incentive bonuses and paid time off and, if so, the amount of damages Defendant owes to Plaintiff.

E. INITIAL DISCLOSURES: The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before **June 27, 2024**.

F. CASE RESOLUTION PLAN AND JOINT STATUS REPORTS: The parties are encouraged to consider the Alternative Dispute Resolution options provided in Local Rules 16.02 through 16.05. By **March 6, 2025**, the parties shall submit a joint report confirming that the parties made a good faith attempt to resolve the case. The joint report shall also state whether the parties believe ADR might assist in resolution of the case. If a judicial settlement conference is requested in either joint report or separately, the parties shall also state (i) the reasons why mediation is not feasible; (ii) their proposed timing for scheduling of the settlement conference; and (iii) any preference of a particular Magistrate Judge to conduct the settlement conference.

G. DISCOVERY: The parties shall complete all written discovery and depose all fact witnesses on or before **February 20, 2025**. Written discovery should proceed promptly (unless otherwise provided for herein) and shall be served by no later than **October 11, 2024**. Discovery

is not stayed during dispositive or other motions, unless ordered by the Court.

A party may not bring a discovery dispute to the Court for resolution before lead counsel for that party has held a telephonic or in-person discussion with lead counsel for every one of the parties adverse to it with respect to the dispute (which, in the case of multiple adverse parties, may occur separately with different adverse parties) and has made a good-faith effort to resolve the dispute. Discovery disputes that cannot be resolved after the required discussion(s) should be brought promptly to the attention of the Magistrate Judge via a request for a discovery conference. It will be within the Magistrate Judge's discretion whether to allow for the filing of discovery-related motions. All discovery motions shall be filed by no later than **March 6, 2025**. In connection with any discovery conference or discovery motion, the applicable parties shall file a joint discovery dispute statement, which describes the specific discovery request(s) in dispute and details each party's position with supporting fact and legal authorities. The joint discovery dispute statement shall certify that lead counsel for every applicable party held the aforementioned telephonic or in-person discussion(s) and made a good faith effort to resolve each discovery dispute presented in the statement. If the joint statement is sufficiently detailed, any party may adopt by reference the joint statement for purposes of Local Rule 7.01(a)(2) or (a)(3), but must clearly state in the filing (made in accordance with any timing requirements set forth in Local Rule 7.01(a)(3)) that the joint statement is adopted as the party's memorandum of law or response, as the case may be.

H. MOTIONS TO AMEND OR TO ADD PARTIES: Any motions to amend or to add parties shall be filed by no later than **September 12, 2024**, and must comply with Local Rules 7.01 and 15.01.

I. DISCLOSURE AND DEPOSITIONS OF EXPERTS: The plaintiff shall identify

and disclose all expert witnesses and expert reports on or before **March 6, 2025**. The defendant shall identify and disclose all expert witnesses and reports on or before **April 10, 2025**. Rebuttal experts shall be permitted only by leave of court. Unless otherwise provided for in a separate pretrial order, supplemental expert disclosures, which specifically include, but are not limited to, any supplemental information to expert reports, must be made in accordance with Rule 26(a) and (e). Supplemental expert opinions or other expert disclosures not timely disclosed may be excluded at trial. *See* Local Rule 39.01(c)(5)(C). Expert depositions shall be completed by **May 8, 2025**.

   J. SUBSEQUENT CASE MANAGEMENT CONFERENCE. A subsequent case management conference shall be held telephonically on **January 22, 2025, at 9:00 a.m.,** to address: status of discovery (including any known or anticipated discovery issues or disputes); prospect for settlement (including propriety of ADR); and, any other appropriate matters. The Parties shall call 1-877-336-1831 at the appointed time. and when prompted for the access code, enter 7039387# to participate in the Conference. If a party has difficulty connecting to the call or has been on hold for more than five (5) minutes, please contact chambers at 615-736-7344.

   K. DISPOSITIVE MOTIONS: As provided above, the parties must attempt to resolve the case prior to the filing of dispositive motions. Dispositive motions shall be filed by no later than **May 29, 2025**. Responses to dispositive motions shall be filed within 28 days after the filing of the motion. Briefs or memoranda of law in support of or in opposition to a dispositive motion shall not exceed 25 pages. Optional replies may be filed within 14 days after the filing of the response and shall not exceed 5 pages. No motion for partial summary judgment shall be filed except by permission of the Court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel, and the Court.

All attorneys are required to read Judge Richardson's opinion in McLemore v. Gumucio, #3:19-cv-00530, 2021 WL 2400411 (M. D. Tenn. June 11, 2021), 619 F. Supp. 3d 816 (M. D. Tenn. June 11, 2021) (vacated on other grounds) regarding what should (or should not) be included in the Summary judgment movant's statement of undisputed material facts," and any party moving for summary judgment is expected to follow Judge Richardson's guidance as detailed in the McLemore opinion.

L. ELECTRONIC DISCOVERY. If the parties have reached an agreement on how to conduct electronic discovery, Administrative Order No.174-1 need not apply to this case. Any agreement between the parties to address the topics provided by Administrative Order No. 174-1 must be reduced to writing, signed by counsel, and either filed as a stipulation of agreed-upon electronic discovery procedures, or, if the parties request court approval, submitted as a proposed agreed order with an accompanying motion for approval. In the absence of an agreement, the default standards of Administrative Order No. 174-1 will apply.

M. MODIFICATION OF CASE MANAGEMENT ORDER. Any motion to modify the case management order or any case management deadline shall be filed at least seven (7) days in advance of the earliest impacted deadline. Unless a joint motion, the motion for modification must include a statement confirming that counsel for the moving party has discussed the requested modification or extension with opposing counsel and whether or not there is any objection to the requested modification or extension. The motion for modification must also include: (i) the trial date and all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review one or more previous case management orders in consideration of the motion and (ii) a statement that the requested extension will still conform to the requirements of Local Rule 16.01(h)(1) that no dispositive motion deadline, including response and reply briefs, shall be later

6

than 90 days in advance of the trial date. Motions for extensions should also detail the moving party's efforts at diligently complying with the originally schedule deadline and the facts demonstrating good cause for modification of the deadline as required by Fed. R. Civ. P. 16(b)(4).

N.     ESTIMATED TRIAL TIME AND TARGET TRIAL DATE: The jury trial of this action is expected to last approximately 3-to-4 days. A trial date no earlier than **October 21, 2025**, is respectfully requested.

**IT IS SO ORDERED.**

_____
**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**